ORIGINAL

JUDGE WOODS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
                                          :
UNITED STATES OF AMERICA                  :

                - v. -                    :

AMIT BHARDWAJ,                            :
SRINIVASA KAKKERA, and                    :
ABBAS SAEEDI,                             :

                Defendants.               :

- - - - - - - - - - - - - - - X

22 CRIM 398

SEALED INDICTMENT

22 Cr.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 2 5 2022

The Grand Jury charges:

## Overview of the Insider Trading Scheme

1.      From at least in or about November 2020 through in or
about April 2022, AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS
SAEEDI, the defendants, and others, engaged in an insider
trading scheme in which BHARDWAJ used his position as the Chief
Information Security Officer ("CISO") of Lumentum Holdings Inc.
("Lumentum") to obtain material non-public information ("MNPI")
about two of Lumentum's planned corporate acquisitions and then
misappropriated that MNPI to enrich himself and his criminal
associates, including KAKKERA, SAEEDI, Dhirenkumar Patel, and
Ramesh Chitor.  In particular, BHARDWAJ, KAKKERA, SAEEDI, Patel,
Chitor, and others, made millions of dollars by executing timely
securities trades in advance of the public announcements of
Lumentum's acquisitions.  BHARDWAJ, KAKKERA, SAEEDI, Patel, and
others then sought to cover up their criminal scheme.  These

efforts included, among other things, coordinating false cover stories, destroying evidence, and creating fake documents to hide their criminal activity.

2.     AMIT BHARDWAJ, the defendant, tipped others about two separate Lumentum acquisitions.  First, in or about the fall of 2020 and the winter of 2021, BHARDWAJ learned of Lumentum's nonpublic negotiations to acquire Coherent, Inc. ("Coherent").  In violation of the duties of trust and confidence that he owed to Lumentum, and of Lumentum's policies restricting the use of MNPI, BHARDWAJ traded in Coherent securities and tipped others, including a close family member ("CC-1") and at least two friends, Dhirenkumar Patel and another individual ("CC-2"), with that MNPI.  In total, BHARDWAJ, CC-1, CC-2, and Patel made nearly $900,000 in realized and unrealized profits when Coherent's stock price rose after Lumentum and Coherent publicly announced their merger plans in or about January 2021.

3.     Second, in the fall of 2021, AMIT BHARDWAJ, the defendant, learned of Lumentum's nonpublic negotiations to acquire Neophotonics Corporation ("Neophotonics").  Again, in violation of the duties of trust and confidence that he owed to Lumentum, and of Lumentum's policies restricting the use of MNPI, BHARDWAJ tipped SRINIVASA KAKKERA and ABBAS SAEEDI, the defendants, as well as others, including at least one other associate, Ramesh Chitor, with that MNPI.  In total, KAKKERA,

2

SAEEDI, and Chitor made approximately $4.3 million in realized and unrealized profits when Neophotonics's stock price rose after Lumentum and Neophotonics publicly announced their merger plans in or about November 2021.

4.     In addition, SRINIVASA KAKKERA, the defendant, used the MNPI he learned from AMIT BHARDWAJ, the defendant, to advise at least three other individuals, including a close family member, to purchase Neophotonics securities in advance of the November 2021 public announcement of the merger with Lumentum.

5.     AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, then engaged in a conspiracy to obstruct a federal criminal investigation and to cover up their conduct. Among other things, BHARDWAJ, KAKKERA, and Patel created fake loan documents to disguise payments from Patel to KAKKERA as documented loans.  In truth and in fact, these payments represented Patel's sharing of proceeds from illegal insider trading in the securities of Coherent.  In addition, on multiple occasions, BHARDWAJ, KAKKERA, and SAEEDI discussed potential fake cover stories to conceal the true reasons why KAKKERA and SAEEDI purchased Neophotonics securities.

## Relevant Individuals and Entities

6.     At all times relevant to this Indictment, Lumentum was a company specializing in optical and photonic products headquartered in San Jose, California, whose stock traded on the

NASDAQ stock exchange ("NASDAQ") under the ticker "LITE."

7.    At all times relevant to this Indictment, Coherent, was a photonics company headquartered in Santa Clara, California, whose stock traded on the NASDAQ under the ticker "COHR."

8.    At all times relevant to this Indictment, Neophotonics was a photonics company headquartered in San Jose, California, whose stock traded on the New York Stock Exchange ("NYSE") under the ticker "NPTN."

9.    At all times relevant to this Indictment, AMIT BHARDWAJ, the defendant, was the CISO for Lumentum.  As part of his job, BHARDWAJ managed a team responsible for Lumentum's cybersecurity and regulatory compliance.  As part of his employment, BHARDWAJ certified to Lumentum that he would comply with Lumentum's insider trading policy, which prohibited trading in securities of other companies based on MNPI learned from his employment at Lumentum, and communicating MNPI about Lumentum to third parties.  BHARDWAJ resided in northern California.

10.   At all times relevant to this Indictment, SRINIVASA KAKKERA, the defendant, was the head of engineering for a large publicly traded software company.  KAKKERA was a friend of AMIT BHARDWAJ, the defendant, and resided in northern California.

11.   At all times relevant to this Indictment, ABBAS SAEEDI, the defendant, was a tax preparer and tax consultant.

4

SAEEDI was a friend of AMIT BHARDWAJ, the defendant, and resided in northern California.

### Insider Trading in the Lumentum-Coherent Deal

12.   In or about November 2020, Lumentum began engaging in confidential discussions with Coherent about Lumentum potentially acquiring Coherent, including discussions about pricing and terms, and preliminary due diligence.  Those discussions continued over the ensuing months, and before the market opened on or about January 19, 2021, Lumentum and Coherent publicly announced that Lumentum would be acquiring Coherent in a transaction valued at approximately $5.7 billion (the "January 19 Announcement").  Prior to the January 19 Announcement, the fact that Lumentum was going to acquire Coherent was not publicly confirmed by either company and constituted Lumentum's MNPI.  The market day prior to the January 19 Announcement, Coherent's closing stock price was approximately $151.95 per share.  On January 19, 2021, Coherent's stock opened at approximately $198.65 per share and rose to an intraday high of approximately $213.05, closing at approximately $197.01 (an approximate 29.6% increase over the previous day's closing price).

13.   From in or about August 2020 through in or about January 2021, Lumentum was also considering acquiring Neophotonics.  Lumentum ultimately ceased its consideration of

that acquisition and instead focused on its negotiations with Coherent.

14.   At least as of in or about December 2020, AMIT BHARDWAJ, the defendant, learned that Lumentum was considering acquiring various companies, including Coherent and Neophotonics.   In violation of his duties of trust and confidence to Lumentum, and of Lumentum's insider trading policy, in or about December 2020 BHARDWAJ himself purchased Neophotonics stock and call options based on his advance knowledge of Lumentum's interest in acquiring Neophotonics, but ultimately closed those positions.

15.   In addition to personally trading in Neophotonics based on MNPI that Lumentum was considering acquiring Neophotonics, AMIT BHARWAJ, the defendant, also provided this MNPI to, among others, ABBAS SAEEDI, the defendant, so that he could place trades in Neophotonics stock in advance of any announcement that Lumentum was acquiring Neophotonics.   Based on the MNPI provided by BHARDWAJ, in or about December 2020, SAEEDI caused a brokerage account held in the name of one of SAEEDI's close family members to purchase options contracts in Neophotonics.

16.   Ultimately, Lumentum decided not to go forward with an acquisition of Neophotonics and instead moved forward with discussions of an acquisition with Coherent.   In further

violation of his duties of trust and confidence to Lumentum, and of Lumentum's insider trading policy, between on or about December 30, 2020, and on or about January 15, 2021, AMIT BHARDWAJ, the defendant, purchased Coherent stock and call options based on his advance knowledge of Lumentum's intent to acquire Coherent, and also illegally provided this MNPI to others, including Patel, CC-1, and CC-2, all of whom purchased Coherent securities in advance of the January 19 Announcement. In connection with Patel's trading, BHARDWAJ provided Patel with approximately $40,000 in cash and directed Patel to use that money to purchase Coherent securities in advance of the January 19 Announcement.  In addition to the above-described tips that BHARDWAJ provided to Patel, CC-1 and CC-2, BHARDWAJ also provided a tip to ABBAS SAEEDI, the defendant, regarding Lumentum's planned acquisition of Coherent.  Based on this MNPI provided by BHARDWAJ, on or about January 12 and 13, 2021, SAEEDI caused the brokerage account of a close family member to purchase short-dated call option contracts in Coherent stock. These option contracts expired on January 15, 2021, which was prior to the January 19 Announcement.

17.  When Coherent's stock price rose substantially following the January 19 Announcement, AMIT BHARDWAJ, the defendant, as well as Patel, CC-1, and CC-2, closed their positions in Coherent securities and collectively profited by

nearly $900,000.

18.    AMIT BHARDWAJ, the defendant, and Patel arranged for Patel to pay BHARDWAJ fifty percent of the profits that Patel earned by trading in Coherent securities based on the MNPI that BHARDWAJ provided, as well as returning to BHARDWAJ the $40,000 he had previously provided to Patel to partially fund Patel's trades in advance of the January 19 Announcement.  In order to conceal the nature of that payment, BHARDWAJ directed Patel to pay $100,000 to SRINIVASA KAKKERA, the defendant.  In or about April 2021, at BHARDWAJ's direction, Patel wrote a $100,000 check to KAKKERA as directed by BHARDWAJ.  KAKKERA used those funds in connection with the purchase of a home.  At BHARDWAJ's direction, Patel falsely described the payment to KAKKERA in the check's memo line as a loan from Patel to KAKKERA.  BHARDWAJ also drafted a promissory note that falsely represented the $100,000 payment as a loan, and BHARDWAJ affixed an electronic signature for Patel to that note without Patel's knowledge or consent, and then sent the note to KAKKERA to sign.  In truth and in fact, the $100,000 was a payment by Patel for the MNPI that BHARDWAJ had provided.

19.    In or about September 2021, as a result of SRINIVASA KAKKERA, the defendant, refinancing the mortgage on the home he had purchased, the financial institution that had provided the mortgage returned to Patel the $100,000 that Patel had provided

to KAKKERA in or about April 2021.  In order for Patel to provide to AMIT BHARDWAJ, the defendant, his fifty-percent share of the Coherent insider trading proceeds from Patel's trading and return the $40,000 BHARDWAJ had previously provided to Patel to partially fund Patel's trades in advance of the January 19 Announcement, BHARDWAJ once again directed Patel to provide $100,000 to KAKKERA, and again directed Patel to falsely describe this payment as a loan.  Based on this direction, Patel wrote KAKKERA a check for $100,000 that falsely described the payment as a loan.  In truth and in fact, as BHARDWAJ and Patel knew full well, Patel was not anticipating receiving the return of these funds and the funds instead represented BHARDWAJ's share of the insider trading proceeds.

### Insider Trading in the Lumentum-Neophotonics Deal

20.  In or about October 2021, Lumentum re-engaged in confidential discussions with Neophotonics about a potential acquisition.  Those discussions continued over the ensuing weeks, and before the market opened on or about November 4, 2021, Lumentum and Neophotonics publicly announced that Lumentum would be acquiring Neophotonics (the "November 4 Announcement").  Prior to the November 4 Announcement, the fact that Lumentum was going to acquire Neophotonics was not publicly confirmed by either company.  The market day prior to the November 4 Announcement, Neophotonics' closing stock price was

approximately $11.52 per share. On November 4, 2021, Neophotonics' stock opened at approximately $15.21 per share and rose to an intraday high of approximately $16.14, closing at $15.99 (an approximate 38.8% increase over the previous day's closing price).

21. At least as of in or about October 2021, AMIT BHARDWAJ, the defendant, learned that Lumentum was negotiating to acquire Neophotonics. In violation of the duties of trust and confidence that he owed to Lumentum, and of Lumentum's insider trading policy, BHARDWAJ provided this MNPI to others, including SRINIVASA KAKKERA and ABBAS SAEEDI, the defendants, as well as Ramesh Chitor, a friend of BHARDWAJ.

22. SRINIVASA KAKKERA and ABBAS SAEEDI, the defendants, as well as Chitor, used this MNPI to make timely purchases of Neophotonics securities in advance of the November 4 Announcement.

23. When Neophotonics' stock price rose substantially following the November 4 Announcement, SRINIVASA KAKKERA and ABBAS SAEEDI, the defendants, as well as Chitor, closed their positions in Neophotonics securities and made approximately $4.3 million in realized and unrealized profits.

24. In addition, SRINIVASA KAKKERA, the defendant, used the MNPI he had illegally obtained from AMIT BHARDWAJ, the defendant, to advise others, including KAKKERA's close family

10

member and other associates of KAKKERA, to purchase Neophotonics securities in advance of the November 4 Announcement.  Those other individuals profited by at least approximately $200,000 by executing timely trades in Nephotonics securities in advance of the November 4 Announcement.

25.  At or about the time that AMIT BHARDWAJ, the defendant, provided MNPI to Ramesh Chitor regarding Lumentum's planned acquisition of Neophotonics, and similar to the deal that BHARDWAJ and Dhirenkumar Patel reached with respect to insider trading in Coherent securities, BHARDWAJ and Chitor agreed that Chitor would pay BHARDWAJ fifty percent of the profits that Chitor earned by trading in Neophotonics securities based on the MNPI that BHARDWAJ provided.  Following the November 4 Announcement, Chitor and BHARDWAJ arranged for Chitor to pay BHARDWAJ a portion of Chitor's Neophotonics trading profits by having associates of Chitor pay BHARDWAJ's relative in India.  Based on this agreement, from at least in or about November 2021 through at least in or about December 2021, Chitor directed Chitor's associates to pay BHARDWAJ's relative Indian rupees that were worth tens of thousands of United States dollars.

## Interviews by the FBI

26.  On or about March 29, 2022, Special Agents with the Federal Bureau of Investigation ("FBI") conducted voluntary

interviews of SRINIVASA KAKKERA and ABBAS SAEEDI, the defendants, among others.  During his voluntary interview, KAKKERA falsely told FBI agents that he never spoke with BHARDWAJ about a deal between Lumentum and Neophotonics and that his decision to invest in Neophotonics was based solely on his own research.  KAKKERA also falsely told FBI agents that the $100,000 he received from Dhirenkumar Patel, described above, was a loan, when, in truth and in fact, it was payment for BHARDWAJ having provided MNPI to Patel to make well timed trades in Coherent stock.

27.  On or about March 29, 2022, FBI agents served AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, with grand jury subpoenas issued by a grand jury sitting in the Southern District of New York, seeking various documents, including documents relating to securities trading in Neophotonics.  On that same date, pursuant to court-authorized search warrants, FBI agents seized cell phones belonging to BHARDWAJ, KAKKERA, and SAEEDI.

## Scheme to Obstruct Justice

28.  Following their March 29, 2022 interviews with the FBI and receipt of grand jury subpoenas issued by a grand jury sitting in the Southern District of New York, AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, took numerous steps to obstruct the federal investigation into their

conduct.

29.   Immediately following his interview by FBI agents, the morning of March 29, 2022, AMIT BHARDWAJ, the defendant, drove to the homes of certain of his co-conspirators to encourage them not to tell the federal authorities the truth about their insider trading scheme.

30.   In the weeks following their interviews with the FBI, AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, along with Dhirenkumar Patel, met in person on multiple occasions.  During those meetings, they discussed, among other things, potential false stories that would conceal their insider trading scheme, as well as creating false documents to buttress lies regarding payments that were, in truth and in fact, related to the insider trading scheme. During one such meeting with Patel, BHARDWAJ also solicited assistance in seeking to ensure that any potential incriminating information from BHARDWAJ's work laptop would be deleted and unavailable to law enforcement.

31.   Also during this time period, SRINIVASA KAKKERA, the defendant, and Dhirenkumar Patel created a fake promissory note purporting to show that the $100,000 paid by Patel to KAKKERA in September 2021 was a loan, and not the proceeds of illegal insider trading.

**Statutory Allegations**

**COUNT ONE**
**(Conspiracy to Commit Securities Fraud and**
**Wire Fraud - Coherent - BHARDWAJ)**

The Grand Jury charges:

32. The allegations contained in paragraphs 1 through 31 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

33. From at least in or about November 2020 up to and including at least in or about September 2021, in the Southern District of New York and elsewhere, AMIT BHARDWAJ, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, (a) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; (b) wire fraud, in violation of Title 18, United States Code, Section 1343; and (c) securities fraud, in violation of Title 18, United States Code, Section 1348.

34. It was a part and object of the conspiracy that AMIT BHARDWAJ, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails and of facilities of national securities exchanges, would and

14

did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

35.   It was further a part and an object of the conspiracy that AMIT BHARDWAJ, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

36.   It was further a part and an object of the conspiracy that AMIT BHARDWAJ, the defendant, and others known and unknown, would and did knowingly execute a scheme and artifice to (a)

15

defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

<u>Overt Acts</u>

37.   In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about December 2020, AMIT BHARDWAJ, the defendant, misappropriated MNPI relating to Lumentum's planned acquisition of Coherent.

b.   In or about December 2020 and January 2021, BHARDWAJ purchased approximately 9,634 shares of Coherent stock based on MNPI he acquired as a result of his employment at Lumentum, certain of which purchases were executed on the NASDAQ by an executing broker located in New York, New York.

16

c.    In or about January 2021, BHARDWAJ purchased approximately 91 Coherent call option contracts based on MNPI he acquired as a result of his employment at Lumentum.

d.    In or about December 2020 and January 2021, Dhirenkumar Patel purchased approximately 11,000 shares of Coherent stock and approximately 170 Coherent call options, which trades were executed on the NASDAQ, based on MNPI that BHARDWAJ provided to Patel in violation of BHARDWAJ's duties of trust and confidence to Lumentum.

(Title 18, United States Code, Section 371.)

### COUNTS TWO THROUGH FIVE
### (Title 15 Securities Fraud – Coherent – BHARDWAJ)

The Grand Jury further charges:

38.    The allegations contained in paragraphs 1 through 31 and 37 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

39.    On or about the dates set forth below, in the Southern District of New York and elsewhere, AMIT BHARDWAJ, the defendant, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal

Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making or causing to be made untrue statements material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit on persons, to wit, BHARDWAJ misappropriated material, non-public information relating to Lumentum's planned acquisition of Coherent and then himself executed timely securities transactions based on that information, and supplied that information to various individuals in anticipation that they would use the information to execute timely securities transactions, which they did, including the transactions in Coherent securities listed below on or about the dates listed below:

| Count | Trader | Transaction Date(s) | Transaction(s) |
|-------|--------|---------------------|----------------|
| 2 | BHARDWAJ | In or about Dec. 2020 - Jan. 2021 | Purchase of approximately 9,634 shares of Coherent stock<br><br>Purchase of approximately 91 call option contracts in Coherent |
| 3 | CC-1 | In or about Jan. 2021 | Purchase of approximately 218 shares of Coherent stock |

| 4 | Dhirenkumar Patel | In or about Dec. 2020 – Jan. 2021 | Purchase of approximately 11,000 shares of Coherent stock<br><br>Purchase of approximately 170 call option contracts in Coherent |
| 5 | CC-2 | In or about Jan. 2021 | Purchase of approximately 73 shares of Coherent stock |

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT SIX
### (Wire Fraud – Coherent – BHARDWAJ)

The Grand Jury further charges:

40.   The allegations contained in paragraphs 1 through 31 and 37 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

41.   From at least in or about the fall of 2020 up to and including at least September 2021, in the Southern District of New York and elsewhere, AMIT BHARDWAJ, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the

purpose of executing such scheme and artifice, to wit, through the use of interstate wires, including interstate securities trades and financial transactions, BHARDWAJ, CC-1, CC-2, and Patel engaged in a scheme to defraud Lumentum of valuable confidential information related to Lumentum's plans to acquire Coherent by deceptively converting that information to their own use and the use of others in breach of fiduciary and other duties for the purpose of committing insider trading and executing securities transactions.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT SEVEN
### (Conspiracy to Commit Securities Fraud and Wire Fraud – Neophotonics – BHARDWAJ and KAKKERA)

The Grand Jury further charges:

42. The allegations contained in paragraphs 1 through 31 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

43. From at least in or about the fall of 2021 up to and including at least April 2022, in the Southern District of New York and elsewhere, AMIT BHARDWAJ and SRINIVASA KAKKERA, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, (a) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title

17, Code of Federal Regulations, Section 240.10b-5; (b) wire fraud, in violation of Title 18, United States Code, Section 1343; and (c) securities fraud, in violation of Title 18, United States Code, Section 1348.

44.   It was a part and object of the conspiracy that AMIT BHARDWAJ and SRINIVASA KAKKERA, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

45.   It was further a part and an object of the conspiracy that AMIT BHARDWAJ and SRINIVASA KAKKERA, the defendants, and others known and unknown, knowingly having devised and intending

21

to devise a scheme and artifice to defraud, and for obtaining
money and property by means of false and fraudulent pretenses,
representations, and promises, would and did transmit and cause
to be transmitted by means of wire, radio, and television
communication in interstate and foreign commerce, writings,
signs, signals, pictures, and sounds for the purpose of
executing such scheme and artifice, in violation of Title 18,
United States Code, Section 1343.

46.   It was further a part and an object of the conspiracy
that AMIT BHARDWAJ and SRINIVASA KAKKERA, the defendants, and
others known and unknown, would and did knowingly execute a
scheme and artifice to (a) defraud persons in connection with
securities of an issuer with a class of securities registered
under Section 12 of the Securities Exchange Act of 1934 and that
was required to file reports under Section 15(d) of the
Securities Exchange Act of 1934, and (b) obtain, by means of
false and fraudulent pretenses, representations, and promises,
money and property in connection with the purchase and sale of
securities of an issuer with a class of securities registered
under Section 12 of the Securities Exchange Act of 1934 and that
was required to file reports under Section 15(d) of the
Securities Exchange Act of 1934, in violation of Title 18,
United States Code, Section 1348.

Overt Acts

47.   In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about October and November 2021, AMIT BHARDWAJ, the defendant, while employed as the CISO at Lumentum, converted to his own use and the use of his co-conspirators information about Lumentum's potential acquisition of Neophotonics.

b.   In or about October and November 2021, SRINIVASA KAKKERA, the defendant, purchased at least approximately 129,350 Neophotonics shares and at least approximately 3,024 Neophotonics call option contracts based on MNPI provided to KAKKERA by BHARDWAJ in violation of BHARDWAJ's duties of trust and confidence to Lumentum, certain of which trades were executed on the NYSE by an executing broker located in New York, New York.

(Title 18, United States Code, Section 371.)

**COUNT EIGHT**
**(Conspiracy to Commit Securities Fraud and Wire Fraud –**
**Neophotonics – BHARDWAJ and SAEEDI)**

The Grand Jury further charges:

48.   The allegations contained in paragraphs 1 through 31 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

23

49.   From at least in or about the fall of 2021 up to and including at least April 2022, in the Southern District of New York and elsewhere, AMIT BHARDWAJ and ABBAS SAEEDI, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, (a) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; (b) wire fraud, in violation of Title 18, United States Code, Section 1343; and (c) securities fraud, in violation of Title 18, United States Code, Section 1348.

50.   It was a part and object of the conspiracy that AMIT BHARDWAJ and ABBAS SAEEDI, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the

statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

51. It was further a part and an object of the conspiracy that AMIT BHARDWAJ and ABBAS SAEEDI, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

52. It was further a part and an object of the conspiracy that AMIT BHARDWAJ and ABBAS SAEEDI, the defendants, and others known and unknown, would and did knowingly execute a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent

25

pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

Overt Acts

53.   In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about October and November 2021, AMIT BHARDWAJ, the defendant, while employed as the CISO at Lumentum, converted to his own use and the use of his co-conspirators information about Lumentum's potential acquisition of Neophotonics.

b.   In or about October and November 2021, ABBAS SAEEDI, the defendant, purchased at least approximately 34,000 Neophotonics shares and at least approximately 1,214 Neophotonics call option contracts based on MNPI provided to SAEEDI by BHARDWAJ in violation of BHARDWAJ's duties of trust and confidence, which trades were executed on the NYSE and

certain of which were cleared through a clearing and settlement company located in New York, New York.

(Title 18, United States Code, Section 371.)

## COUNT NINE
**(Conspiracy to Commit Securities Fraud and Wire Fraud –
Neophotonics – BHARDWAJ and Ramesh Chitor)**

The Grand Jury further charges:

54. The allegations contained in paragraphs 1 through 31 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

55. From at least in or about the fall of 2021 up to and including at least April 2022, in the Southern District of New York and elsewhere, AMIT BHARDWAJ, the defendant, Ramesh Chitor, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, (a) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; (b) wire fraud, in violation of Title 18, United States Code, Section 1343; and (c) securities fraud, in violation of Title 18, United States Code, Section 1348.

56. It was a part and object of the conspiracy that AMIT BHARDWAJ, the defendant, Ramesh Chitor, and others known and unknown, willfully and knowingly, directly and indirectly, by

27

the use of the means and instrumentalities of interstate commerce, and of the mails and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

57.   It was further a part and an object of the conspiracy that AMIT BHARDWAJ, the defendant, Ramesh Chitor, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of

executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

58. It was further a part and an object of the conspiracy that AMIT BHARDWAJ, the defendant, Ramesh Chitor, and others known and unknown, would and did knowingly execute a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

<u>Overt Acts</u>

59. In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about October and November 2021, AMIT BHARDWAJ, the defendant, while employed as the CISO at Lumentum, converted to his own use and the use of his co-conspirators

information about Lumentum's potential acquisition of Neophotonics.

       b.   In or about October and November 2021, Ramesh Chitor purchased at least approximately 10,450 Neophotonics shares and at least approximately 4,783 Neophotonics call option contracts based on MNPI provided to Chitor by BHARDWAJ in violation of BHARDWAJ's duties of trust and confidence, which trades were executed on the NYSE and certain of which were cleared through a clearing and settlement company located in New York, New York.

             (Title 18, United States Code, Section 371.)

### COUNT TEN THROUGH TWELVE
### (Title 15 Securities Fraud – Neophotonics – BHARDWAJ, KAKKERA, and SAEEDI)

The Grand Jury further charges:

60.   The allegations contained in paragraphs 1 through 31, 47, 53, and 59 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

61.   On or about the dates set forth below, in the Southern District of New York and elsewhere, AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, in connection with

30

the purchase and sale of securities, used and employed
manipulative and deceptive devices and contrivances, in
violation of Title 17, Code of Federal Regulations, Section
240.10b-5, by (a) employing devices, schemes and artifices to
defraud; (b) making or causing to be made untrue statements
material fact and omitting to state material facts necessary in
order to make the statements made, in light of the circumstances
under which they were made, not misleading; and (c) engaging in
acts, practices, and courses of business which operated and
would operate as a fraud and deceit on persons, to wit, BHARDWAJ
misappropriated material, non-public information relating to
Lumentum's planned acquisition of Neophotonics and then supplied
that information to KAKKERA, SAEEDI, and Ramesh Chitor in
anticipation that they would use the information to execute
timely securities transactions, which they did, including the
transactions in Neophotonics securities listed below on or about
the dates listed below:

| Count | Defendant | Trader | Transaction Date(s) | Transaction(s) |
|---|---|---|---|---|
| 10 | BHARDWAJ KAKKERA | KAKKERA | In or about Oct. 2021 and Nov. 2021 | Purchase of at least approximately 129,350 Neophotonics shares<br><br>Purchase of at least approximately 3,024 Neophotonics call option contracts |
| 11 | BHARDWAJ SAEEDI | SAEEDI | In or about Oct. 2021 and Nov. 2021 | Purchase of at least approximately 34,000 Neophotonics shares<br><br>Purchase of at least approximately 1,214 Neophotonics call option contracts |
| 12 | BHARDWAJ | Ramesh Chitor | In or about Oct. 2021 and Nov. 2021 | Purchase of at least approximately 10,450 Neophotonics shares<br><br>Purchase of at least approximately 4,783 Neophotonics call option contracts |

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

**COUNT THIRTEEN**
**(Wire Fraud – Neophotonics – BHARDWAJ, KAKKERA, and SAEEDI)**

The Grand Jury further charges:

62.   The allegations contained in paragraphs 1 through 31, 47, 53, and 59 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

63.   From at least in or about the fall of 2021 up to and including at least April 2022, in the Southern District of New York and elsewhere, AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, through the use of interstate wires, including interstate securities trades and financial transactions, BHARDWAJ, KAKKERA, and SAEEDI engaged in a scheme to defraud Lumentum of valuable confidential information by deceptively converting that information to their own use and the use of others in breach of fiduciary and other

duties for the purpose of committing insider trading and executing securities transactions.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT FOURTEEN
**(Conspiracy to Obstruct Justice – BHARDWAJ, KAKKERA, and SAEEDI)**

The Grand Jury further charges:

64.   The allegations contained in paragraphs 1 through 31, 37, 47, 53, and 59 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

65.   From at least in or about March 2022 up to and including at least April 2022, in the Southern District of New York and elsewhere, AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States to wit, obstruction of justice, in violation of Title 18, United States Code, Section 1503.

66.   It was a part and an object of the conspiracy that AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, would and did corruptly endeavor to influence, obstruct, and impede the due administration of justice, in violation of Title 18, United States Code, Section 1503.

34

Overt Acts

67.  In furtherance of the conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  In or about March and April 2022, AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, engaged in multiple in-person meetings among themselves and with other co-conspirators in northern California and discussed providing false information to obstruct a grand jury investigation conducted in the Southern District of New York.

b.  In or about April 2022, KAKKERA created a fake promissory note in order to make it appear that a $100,000 payment from Dhirenkumar Patel to KAKKERA was a loan when, in truth and in fact, the payment represented proceeds of Patel's trading in Coherent stock based on MNPI that BHARDWAJ provided to Patel.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATIONS

68.  As a result of committing one or more of the offenses alleged in Counts One through Fourteen of this Indictment, AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that

35

constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

69.   If any of the above-described forfeitable property, as a result of any act or omission of AMIT BHARDWAJ, SRINIVASA KAKKERA, and ABBAS SAEEDI, the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the
forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853;
and Title 28, United States Code, Section 2461.)

FOREPERSON

Damian Williams
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### AMIT BHARDWAJ,
### SRINIVASA KAKKERA, and
### ABBAS SAEEDI

Defendants.

### SEALED INDICTMENT

22 Cr. ____

(18 U.S.C. §§ 371, 1343, & 2; 15 U.S.C.
§§ 78j(b) & 78ff; 17 C.F.R. § 240.10b-5)

DAMIAN WILLIAMS
United States Attorney.

**A TRUE BILL**

Foreperson.

7/21/22

Sealed Indictment
+ Arrest Warrants filed before
OTW on 7/21/22