## UNITED STATES DISTRICT COURT
## FOR THE SOUTHEN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| **v.** | § § § | **CASE NO. 22-CR-00398 (GHW)** |
| **ABBAS SAEEDI,** | § § | |
| *Defendant.* | § § | |

### ABBAS SAEEDI'S SENTENCING MEMORANDUM

Defendant Abbas Saeedi hereby submits this memorandum to aid the Court with imposing a sentence in his case that is "sufficient, but not greater than necessary" to achieve the statutory sentencing purposes of 18 U.S.C. § 3553.

Mr. Saeedi respectfully suggests that a sentence below the Guidelines range is reasonable and appropriate in this case. Here, the applicable offense level is 19 and the applicable Criminal History Category is I.

### I.  BACKGROUND

A Grand Jury indicted defendants Amit Bhardwaj, Srinivasa Kakkera, and Abbas Saeedi, on July 21, 2022 (the "Indictment"). Count Eight of the Indictment charged Mr. Saeedi with conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371.

Mr. Saeedi appeared before Magistrate Judge Katharine H. Parker for arraignment on August 2, 2022. The Court released Mr. Saeedi, subject to various conditions. Since then, Mr. Saeedi has been in full compliance with all conditions of his pretrial supervision. A probation officer completed a Presentence Report (the

"PSR") and provided it to the Court and to all parties.  Mr. Saeedi pled guilty before this Court on September 7, 2023, and he is scheduled to appear before this Court for sentencing on January 3, 2024.

## II. THE LAW

Under *United States v Booker*, 543 U.S. 220 (2005), while this Court must consider the sentencing guidelines, "the final Guidelines range does not bind the district court, but merely serves as one of a number of factors to be considered in fashioning the ultimate sentence." *United States v. Martinez*, 525 F.3d 211, 214 (2d Cir. 2008) (citing with approval *United States v. Grier*, 475 F.3d 556, 565 (3d Cir. 2007)); *see Booker,* 543 U.S. at 245-46.  Additionally, as the Supreme Court has explained, "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (per curiam).

The applicable statute requires a "sentence sufficient, but not greater than necessary" to meet certain goals, including consideration of "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant…; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established…; (5) any pertinent policy statement…; (6) the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a).

## III.   THE STATUTORY FACTORS WARRANT DOWNWARD VARIANCE

The PSR reflects the agreement between the government and Mr. Saeedi that the Court should consider the applicable Guidelines offense level to be 19.  PSR at 11. The PSR elsewhere states that the applicable level is 21, but notes that this number does not account for the November 2023 amendments to the Guidelines.  *Id.* at 9-11. In light of the recent Guidelines amendments, the applicable offense level is 19.  *Id.* at 11.  From that number, the §3553 factors support a downward variance.

### A. History and Characteristics of Mr. Abbas Saeedi

As detailed in the PSR, Mr. Saeedi spent his whole life diligently working to build a better life for himself and his family.  He grew up in India, where he studied engineering.  He immigrated to the United States in 1999, just after his wedding, to work as a software engineer.  After saving his money for years, he opened a franchise of a tax preparation service, which he grew into a thriving independent business.  A decade later, he opened multiple restaurant franchises.

Now 48 years old, he has been married to Janya Saeedi for twenty-three years. He is a dedicated husband, caring for his wife who has been hospitalized multiple times this year for serious infections.

The Saeedis have two teenage daughters.  Mr. Saeedi is a devoted father, driving his children to school, hiking with them on weekends, and helping them with

their homework.  His elder daughter will begin college in the fall, planning to study marketing and to become an entrepreneur like her father.

And Mr. Saeedi is a loyal son to parents who completely depend upon him financially and for transportation.  While his father's kidney cancer is in remission, he cannot drive and Mr. Saeedi takes him to weekly hospital appointments for, among other things, his spinal column issues.  Similarly, Mr. Saeedi takes his mother to the hospital regularly for appointments to address her diabetes and knee pain.  Throughout this case, his family has remained supportive and close.

A sentence within the Guidelines range would pose a harsh burden on the people in Mr. Saeedi's life.  His wife and parents depend on him for care, especially in light of Ms. Saeedi's repeated hospitalizations.  And his children depend on him for support as their mother has been in poor health.

In addition to helping his family, Mr. Saeedi has long worked to improve the California community that welcomed him.  He spends time raising funds and soliciting sponsorships for Education for Everyone, a nonprofit organization his family started to help students from financially disadvantaged backgrounds and to which he personally donates an average of $100,000 per year.  He also co-founded Lifetime Income in 2018, a program through which Mr. Saeedi presents financial literacy workshops to adults.  He regularly volunteers with organizations that serve the homeless, distributing meals and arranging for temporary housing.  He prepares 200 tax returns for free every year for those who cannot afford his services, and he

declines to charge approximately 600 other customers every year who obtain tax preparation services from his business but who cannot afford to pay.

Prior to the instant offense, Mr. Saeedi has never been arrested, let alone convicted, in connection with any crime. Nor does he have any disciplinary history in connection with his Certified Public Accountant registration, nor did he have any disciplinary history when he was an Enrolled Agent with the Internal Revenue Service.

The character letters submitted as Exhibits A through O to this memorandum illustrate Mr. Saeedi's history of charity and support. These letters come from friends, family members, clients, and employees, all of whom know Mr. Saeedi well. And they depict a hard-working, committed, giving person. Below are just a representative sample of the statements people have shared.

From Sachin Narang, a business associate, in Exbibit J:

- Explaining that Mr. Saeedi provided him with a key early opportunity and interest-free loans that enabled him to start his business.

- "[H]umble and kind"

- "His character and work ethic are exceptional."

From Rose Ann Bayani, an employee, in Exhibit A:

- Noting Mr. Saeedi's "deep empathy, unwavering support, and commitment to his employees."

- Sharing how he "bolstered [her] confidence and motivation, a testament to his extraordinary leadership style."

- Describing how he took care of her after her father's passing and after a difficult time in her career.

From Mahboob Saeedi, Mr. Saeedi's father, in Exhibit G:

- "He has been my rock during this difficult time, offering strength, support and guidance when I needed it the most."

- "His dedication to helping others extends far beyond our family."

- "He has demonstrated an unwavering commitment to ensuring the well-being of those around him, including me, his aging father."

From Mirwais Yaqub, a close friend, in Exhibit O:

- "My children look up to him as a mentor."

- "[A] caring husband, a responsible father, an impressive boss and an amazing friend."

- "There were times when I was struggling for business set up and Abbas was always there to support."

From Salim Mastan, a Trustee of the Islamic Center of Fremont, in Exhibit I:

- "[F]or over two decades … I have come to know Abbas as a person of exceptional integrity, unwavering dedication, and a passionate commitment to serving our community."

- Sharing stories of Mr. Saeedi helping community members in need, including helping someone displaced from her home, supporting efforts to aid the homeless and survivors of domestic abuse, and volunteering to distribute supplies for victims of the Northern California wildfires.

- "His selflessness and genuine desire to make a difference in the lives of others are truly commendable. He has consistently demonstrated a deep and abiding commitment to community service."

### B. Nature and Circumstances of the Offense

Mr. Saeedi admittedly profited from insider trading.  Mr. Bhardwaj, the Chief Information Security Officer of Lumentum Holdings, Inc. ("Lumentum"), notified several people about upcoming events that were likely to materially affect the price of publicly traded stock.  Among other disclosures, Mr. Bhardwaj told Mr. Kakkera,

Ramesh Chitor, and Mr. Saeedi that Lumentum was about to purchase Neophotonics Corporation ("Neophotonics").  Mr. Saeedi used this information to buy Neophotonics stock before it rose in price when news of the acquisition became public.

Mr. Saeedi is profoundly sorry for his crime.  As detailed below, he promptly admitted his misconduct to the government, took responsibility for his actions, and pled guilty.

### C. Need for the Sentence Imposed

Given Mr. Saeedi's family and community background and lack of criminal history, a Guidelines sentence is excessive.

Moreover, the steps Mr. Saeedi has already undertaken to assist the government and atone for his crimes show that he understands the seriousness of this offense and that no further specific deterrence is needed.  A few weeks after the indictment, he met with prosecutors to admit details about the crime.  He fully admitted the details of his insider trading based on information he learned from Mr. Bhardwaj, and disclosed details about Mr. Kakkera's insider trading.

Moreover, the government agrees that Mr. Saeedi, in his multiple meetings with prosecutors and agents, provided new, credible, and valuable information about crimes the government had not previously known.  Mr. Saeedi's disclosures include:

- Substantial information about how Mr. Bhardwaj and Mr. Kakkera used unlawful payments associated with an IT business to facilitate insider trading transactions in 2021.

- Substantial information about a previously unknown insider trading scheme by Mr. Bhardwaj and Mr. Kakkera that was associated with a proposed merger transaction between two other companies, AMD and Xilinx.  In this scheme, Mr. Chitor, an unindicted co-conspirator in the instant case,

improperly disclosed to Mr. Bhardwaj that the Chinese government had agreed to a merger between the two entities at a time when analysts did not believe the transaction would be approved.  Mr. Saeedi took responsibility for his own role in this scheme.

- A compelling description of the conversation that occurred between Mr. Bhardwaj, Mr. Kakkera, and unindicted co-conspirator Dhirenkumar Patel, to create a fake promissory note to be exchanged between Mr. Kakkera and Mr. Patel in a Starbucks bathroom that would be used to provide false information to the government.

- Detailed information, including financial documents, revealing a mortgage fraud scheme by Mr. Kakkera and Mr. Bhardwaj involving the use of a false $305,000 promissory note that Mr. Kakkera used to obtain a bank loan.

Because Mr. Saeedi pled guilty to a felony, any sentence of probation must include either restitution, a fine, or community service.  Community service would be more impactful than a fine in this case because Mr. Saeedi will be paying substantial sums in connection with his restitution and forfeiture obligations.  With his finances diminished, the public may be better served by his acts of service rather than his remaining funds.

Finally, a severe sentence is not necessary for Mr. Saeedi since, at the age of 48, recidivism is not a likely concern.  *See, e.g.*, *United States v. Ruiz*, 2006 U.S. Dist. LEXIS 28970, at *11 (S.D.N.Y. May 10, 2006) (collecting cases and noting that, "This Court and others have previously declined to impose Guidelines sentences on defendants who … were over the age of forty at the time of sentencing on the grounds that such defendants exhibit markedly lower rates of recidivism in comparison to younger defendants."); *United States v. Carmona-Rodriguez*, 2005 U.S. Dist. LEXIS 6254, at *10 (S.D.N.Y. Apr. 11, 2005) (imposing a below-Guidelines sentence in light of the lower risk of recidivism for defendants older than 40).

### D. Need to Avoid Sentencing Disparities

A sentence below the guidelines range is also appropriate to avoid a disparity against the sentence the Court has imposed on Mr. Bhardwaj.  Mr. Bhardwaj's Guidelines offense level was 25 and his applicable Guidelines range was 57 to 71 months.  ECF No. 111 at 1.  This Court sentenced Mr. Bhardwaj to 24 months imprisonment on December 8, 2023.  ECF No. 116.

It is appropriate for Mr. Bhardwaj's sentence to be more severe than Mr. Saeedi's.  Mr. Bhardwaj was the principal organizer of the crime, who owed a duty to Lumentum and who shared its nonpublic information to others.  He pled guilty to thirteen felony counts, while Mr. Saeedi only pled guilty to one.  And Mr. Bhardwaj did not publicly raise the argument that he offered significant information to the government as Mr. Saeedi did.

Since a Guidelines sentence may punish Mr. Saeedi more harshly than Mr. Bhardwaj, the Court should prevent that disparity by ordering a sentence below the Guidelines range.

## IV. CONCLUSION

Mr. Saeedi respectfully asks this Court to evaluate his sentence not only within the confines of the PSR and other court filings, but in the context of his life as reflected herein and in the character reference letters attached as exhibits hereto.  He respectfully requests that this Court order a sentence below the Guidelines range.

Dated: New York, New York
        December 20, 2023

Respectfully submitted,

OBERHEIDEN, P.C.
*Attorneys for Mr. Saeedi*

By: _____
        William H. Newman
        30 Wall Street, Eighth Floor
        New York, New York 10005
        Tel: (212) 970-9468
        Email: will@federal-lawyer.com