```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
   UNITED STATES OF AMERICA,                                   :
                                                               :
                                                               :
                -v-                                            :      1:22-cr-398-GHW
                                                               :
                                                               :
   ABBAS SAEEDI,                                               :           ORDER
                                                               :
                              Defendant.                       :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/14/2024

GREGORY H. WOODS, United States District Judge:

    Abbas Saeedi is a felon. Already rich, he committed fraud to make himself richer. On January 3, 2024, the Court sentenced him principally to five months imprisonment for his crime—a substantial downward variance from the sentence recommended by the Sentencing Guidelines. Mr. Saeedi has not yet served a day in prison, but has now filed a motion, Dkt. No. 148 (the "Motion"), seeking compassionate "release."

    Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

    The Court does not need to evaluate whether the circumstances described in the memorandum of law submitted in support of Mr. Saeedi's application constitute "extraordinary and compelling" reasons for his "release." That is because the Court does not believe that granting Mr.

Saeedi's request is justified after reviewing the § 3553(a) factors. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

In the scant months since his sentencing, nothing has changed that affects the Court's balancing of the § 3553(a) factors. The Court has considered the defendant's family members' medical history and the other factors laid out in Mr. Saeedi's application. Those considerations do not affect the Court's view of the § 3553(a) factors as announced by the Court just over three months ago. The Court's evaluation of the need for a just punishment, personal and general deterrence has not changed. Nor has its assessment of the other sentencing factors. At sentencing, the Court followed the statutory mandate not to impose a sentence that would be greater than necessary. The Court has reevaluated all of the statutory the factors now based on the additional information provided to it, and reaches the same conclusion—given the nature of Mr. Saeedi's crime, a lesser sentence would not satisfy the purposes of sentencing or impose a just punishment.[1]

---

[1] While the Court need not reach these questions, the Court questions whether Mr. Saeedi has properly exhausted the statutory preconditions to this application because he has not yet surrendered himself to the custody of the Bureau of Prisons. Similarly, the Court doubts that it would find that Mr. Saeedi's family members' medical conditions constituted extraordinary and compelling reasons for his "release." The Court appreciates that he is a useful support for them, but while they have health conditions they are not all incapacitated. And Mr. Saeedi is a man of substantial wealth—his reported net worth exceeded $6 million dollars at the time of his sentencing. Because some portion of those resources might be devoted to hiring support for his family members during the period of his incarceration, the Court views Mr. Saeedi's application based on the need for him personally to attend to their needs as a transparent and flimsy justification for an attempt to avoid serving his deserved prison sentence.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 148.

SO ORDERED.

Dated: April 14, 2024

_____
GREGORY H. WOODS
United States District Judge